# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOIAN GRIFFIN,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY Y. HAMILTON and GARY A. HUNT,<br><br>    Defendants. | CASE NO. 1:17-cv-01741-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DENY MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) DISMISS COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Antoin Griffin proceeds pro se and in forma pauperis in this complaint against Defendants Jeffrey Y. Hamilton and Gary A. Hunt for due process violations under 42 U.S.C. § 1983 and state law claims of breach of fiduciary duty and fraud.

## I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the Court may conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff's factual allegations are vague and difficult to follow. It appears Plaintiff brought suit in state court alleging breach of fiduciary duty and legal malpractice against his former attorney. That attorney was represented by Defendant Hunt and Marshall Whitney. Plaintiff claims that he received a favorable tentative ruling in 2013 and prevailed on summary judgment on the fiduciary duty claim. However, Defendant Hunt made false statements during proceedings in 2017. Based on these false statements,

Defendant Judge Hamilton wrongly stated there was never a ruling in Plaintiff's favor and then entered judgment in favor of the defendant attorney. Plaintiff suspects that Hamilton did so because he is friends with Whitney.

Plaintiff seeks $7.5 million dollars in damages.

## IV. Analysis

### A. Defendant Hamilton

Plaintiff brings suit against Defendant Hamilton under 42 U.S.C. § 1983 for due process violations arising out of Hamilton's ruling in Plaintiff's state court case.

Absent limited exceptions not presented here, state court judges are immune from liability under 42 U.S.C. § 1983. See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Accordingly, this allegation fails to state a claim. This defect is not capable of being cured through amendment. The claim should be dismissed with prejudice.

The only remaining claims against Judge Hamilton are for fraud and breach of fiduciary duty. These are state law claims, and this Court lacks jurisdiction over such claims absent a cognizable federal claim arising out of the same case or controversy. 28 U.S.C. § 1367(a). Because Plaintiff cannot state a cognizable section 1983 claim on the facts stated, the Court cannot exercise supplemental jurisdiction over his state law claims. Id.; Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

In general, a pro se plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). Here, no set of facts relating to Judge Hamilton's judicial acts would

entitle Plaintiff to relief. Accordingly, the claims should be dismissed without leave to amend.

### B. Defendant Hunt

It is unclear whether Plaintiff intends to bring a section 1983 claim against Defendant Hunt. In any event, however, a section 1983 claim has two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Defendant Hunt is a private attorney, and there are no facts to suggest that he was acting under the color of state law. The Court can envision no set of facts that would permit Plaintiff to proceed on his section 1983 claim against Defendant Hunt. The claim should be dismissed with prejudice.

Absent such a claim, the Court lacks jurisdiction over Plaintiff's state law claims for the same reason stated above: absent a cognizable federal claim arising out of the same case or controversy, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).

Again, the Court can envision no set of facts that would confer jurisdiction over Plaintiff's claims against Defendant Hunt. Accordingly, these claims should be dismissed without leave to amend. Franklin, 745 F.2d at 1228.

## V. In Forma Pauperis Application

Plaintiff has submitted an application to proceed in forma papueris. The application does not state the source or amount of money Plaintiff has received in the past twelve months and it is therefore incomplete. This leaves the Court without sufficient information to determine whether Plaintiff is entitled to proceed in forma pauperis.

In any event, "'[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous

or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Based on the foregoing conclusion that the action is without merit, the undersigned will recommend the application to proceed in forma pauperis be denied.

## VI. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied;
2. Plaintiff's section 1983 claims be dismissed with prejudice;
3. The Court decline to exercise supplemental jurisdiction over the state law claims; and
4. The complaint be dismissed without leave to amend.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 29, 2017        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE